```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DANIEL LEE MAYS,**

                **Petitioner,**

        **v.**                                              **CASE NO.  09-3059-SAC**

**STATE OF KANSAS,**
**et al.,**

                **Respondents.**

<u>**O R D E R**</u>

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Norton Correctional Facility, Norton, Kansas.  Petitioner also submitted a copy of his Inmate Account Statement, which was filed as a Motion for Leave to Proceed in forma pauperis (Doc. 2).  However, he subsequently paid the filing fee.

<u>**PROCEDURAL HISTORY**</u>

Petitioner seeks to challenge his sentence entered in 1985 in the District Court of Wyandotte County, Kansas (Case No. 85 CR 0340) upon his plea of guilty to theft.  Apparently, Mr. Mays was charged in this theft case, posted bond, and was released pending trial. While on bond, he committed other crimes in March 1985, and was charged in Case No. 85 CR 0579 with robbery and aggravated robbery. He eventually pleaded guilty to the theft charge[1], and was tried and found guilty on the robbery charges.  He was sentenced in both cases on September 6, 1985.

Petitioner did not directly appeal his theft conviction or

---

      [1]    Another criminal charge was dismissed as a result of the plea bargain. Petitioner does not allege that the plea agreement provided that his sentences would be concurrent.

sentence.

He apparently did appeal his jury convictions for aggravated robbery and robbery (Case 85 CR 0579). He contended the evidence was insufficient, and that the "trial court abused its discretion in sentencing him." Petition (Doc. 1) Attach. 11, State of Kansas v. Mays, 761 P.2d 1254 (Kan. June 12, 1987)(Table). However, the unpublished opinion of the Kansas Supreme Court on direct appeal[2] indicates that his claims in this action regarding sentencing did not include a challenge to their designation as consecutive.

On January 16, 2007, Mr. Mays filed a Motion to Correct Illegal Sentence pursuant to K.S.A. § 22-3504. He based his motion upon "newly discovered" evidence that the district court erred in imposing consecutive sentences. His motion was denied by the Wyandotte County District Court without a hearing on March 6, 2007[3]. On August 8, 2008, the KCOA summarily dismissed petitioner's appeal to that court. On January 22, 2009, the Kansas Supreme Court denied Mays' Petition for Review.

**CLAIM**

Although petitioner attempts to stretch his claim into four

---

[2] Kansas Appellate Court on-line records indicate only one other state action has been filed by Mr. Mays, which seems to be completely unrelated. Appellate Case No. 71915 was a civil case appealing a decision of the Leavenworth County District Court in Case No. 9401HC10 with a caption of Mays v. McKune.

[3] Petitioner filed a prior § 2254 petition in this court after he had filed a Notice of Appeal in the Kansas Court of Appeals (KCOA) of the denial of this decision, but before the appeal was decided. Thus, his prior action was dismissed, without prejudice, because state remedies had not been exhausted.

2

different grounds for relief[4], his basic claim is that his 1985 sentences were illegally altered from concurrent to consecutive. Briefly summarized, his allegations in support are that at his 1985 sentencing proceeding before a three-judge probation panel, Judge Foster, a member of the panel, initially pronounced his sentence in Case 85 CR 0340 as 1 to 5 years, and his sentence in 85 CR 0579 as 5 to 15 years, and orally stated that these sentences were to run concurrently. Judge Meeks, another member of the panel, then orally altered[5] the sentences pronounced by Judge Foster in two ways. First, Judge Meeks corrected the concededly illegal sentence of 5 to 15 years to 5 to 20 years[6]. Petitioner no longer challenges this alteration. He challenges as illegal the second alteration by Judge Meeks, which was to change petitioner's sentences from concurrent as initially pronounced by Judge Foster, to consecutive. He also claims Judge Meeks' alteration to consecutive was based upon that judge's erroneous assumption that consecutive sentences were required by Kansas law[7]. He asks this court to "reinstate his original concurrent sentence," which he alleges would entitle him to immediate release.

---

[4] One of those grounds, that the state court failed to make findings of fact and conclusions of law on his state post-conviction motion raising this claim, does not present a federal constitutional violation.

[5] While petitioner argues this amounted to his original sentence being subsequently illegally altered by another judge, Judge Meeks was a member of his sentencing panel and acted at and as a part of petitioner's sentencing.

[6] The penalty statute required a maximum term of not less than 20 years.

[7] At the time petitioner was sentenced, K.S.A. § 21-4608(4) apparently provided: "Any person who is convicted and sentenced for a crime committed while on release for a felony . . . shall serve the sentence consecutively to the term or terms under which the person was released." K.S.A. § 21-4608(1) provided "When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, . . . such sentences shall run concurrently or consecutively as the court directs."

**STATUTE OF LIMITATIONS**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

The court tentatively finds the following facts, which indicate that this federal Petition was not filed within the one-year statutory time limit. Petitioner states he is challenging his theft sentence. His sentencing date for theft occurred in 1985, which was prior to the effective date of the federal statute of limitations of April 24, 1996. Relevant case law provides that a petitioner whose sentence became "final" prior to the effective date of § 2244 had one year from the effective date in which to file his federal habeas corpus petition. It follows that petitioner had until April 24, 1997, to file a federal petition challenging his 1985 theft conviction or sentence. As noted, petitioner did not file a direct appeal on his theft sentence, and filed no state post-conviction motion until 2007.

The court notes with respect to petitioner's 1985 sentences on the robbery counts, which were ordered to run consecutive to his theft sentence, that petitioner did directly appeal these sentences.

4

However, the Kansas Supreme Court's opinion denying his appeal was entered in 1987. It follows that these convictions and sentences were "final", as that term is used in § 2244, long before April 24, 1996. Accordingly, Mr. Mays had only until April 24, 1997, to file a federal habeas corpus petition challenging these sentences as well.

Even though petitioner was warned in a prior federal habeas action filed by him (Mays v. State of Kansas, D.Kan. Case No. 08-3104, June 12, 2008) that his claims appear to be time-barred, he presents no facts showing that he diligently pursued his claims between April 24, 1996, and April 24, 1997. Thus, he presents no evidence that any properly filed state motion regarding his claims was "pending" during this crucial time period that might have entitled him to additional statutory tolling.

Petitioner appears to argue instead that he is entitled to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(Equitable tolling is warranted only in "rare and exceptional circumstances."), (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999)). The Tenth Circuit has stated that equitable tolling is appropriate, for example, where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner

5

from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.  Nor does the fact that petitioner believes his claims are of constitutional stature amount to exceptional circumstances, since all habeas corpus claims must allege the violation of a federal constitutional right.

Petitioner makes several statements, which he may believe entitle him to equitable tolling.  He states he was unable to present this issue in a direct appeal because he was unaware of it and "had no documents or record at time."  However, he does not allege that circumstances beyond his control prevented his awareness of this claim or his access to any necessary record.  He claims this is new evidence and a "new issue," and he is excused for not having raised it on direct appeal because "this issue constitutes exceptional circumstances."  The facts underlying this claim occurred during his sentencing, and thus were clearly available before his direct appeal.  He asserts that sentencing errors affecting constitutional rights can be raised at any time under K.S.A. § 22-3504.  The mere fact that a Kansas statute may allow review in state court, does not extend the time limitations for

6

filing claims in federal court.  Mays alleges he is "innocent of being subjected to" a mandatory consecutive sentence.  The actual innocence exception requires that petitioner allege new evidence of his actual innocence of the offenses, which this statement does not suggest.  He additionally claims that Judge Meeks' alleged altering of his sentences from concurrent to consecutive was a miscarriage of justice and a manifest injustice, that he is illegally incarcerated, and that he has been denied due process and equal protection of the law.  These statements are nothing more than legal conclusions.  In sum, Mr. Mays alleges no facts whatsoever showing his entitlement to equitable tolling.  He shall be given one more opportunity to state facts showing he is entitled to either statutory or equitable tolling for the period of April 24, 1996, to April 24, 1997.  Any state actions filed by him after that time and any impediments that may have occurred after April 24, 1997, are not relevant, as the statute of limitations expired on April 24, 1997.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge