IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL LEE MAYS,

Petitioner,

v.                                    CASE NO.  09-3059-SAC

STATE OF KANSAS,
et al.,

Respondents.

O R D E R

On April 17, 2009, this court entered an Order setting
forth tentative facts indicating this action was not filed within
the one-year statute of limitations applicable to federal habeas
corpus petitions, and requiring petitioner to show cause why this
action should not be dismissed as time-barred.  He has filed a
Response to that Order.  Having considered all materials filed, the
court finds as follows.

As previously noted, Mr. Mays seeks to challenge his 1985
sentences, claiming they were illegally altered at sentencing from
concurrent to consecutive.  Also as noted, he had from April 24,
1996 until April 24, 1997 to file a federal habeas corpus petition
challenging these sentences, but took no action during that time.
Petitioner made several arguments in his Petition that he was
entitled to equitable tolling.  The court set forth the standards
for equitable tolling and rejected those arguments.  Petitioner was
then "given one more opportunity to state facts showing he is
entitled to either statutory or equitable tolling" for that period.

In his Response, petitioner mainly repeats his prior arguments, such as that he is "factually innocent of the sentence" as opposed to the offense and it would be a fundamental miscarriage of justice not to hear his constitutional claims, which were rejected by the court in its prior Order.  His allegation that "the courthouse" hindered him from filing is not supported by any facts such as persons involved, actions taken, and dates.  Nor does he convince the court that he was unaware of the factual basis for his claim until he saw the record years later, given he was present at the sentencing where the events upon which he bases his claim occurred.  Petitioner still presents no facts showing that he diligently pursued his claims[1] between April 24, 1996, and April 24, 1997.  The court finds that petitioner has not met his burden of showing he is entitled to either additional statutory or equitable tolling.  For the reasons stated in its Order of April 17, 2009, and herein, the court concludes this action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred and all relief is denied.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2009, at Topeka, Kansas.

---

[1]     The letter Mr. Mays attaches to his Response indicating he requested the transcripts of his criminal trials but they could not be located is dated July, 2007.  Thus, it does not show his diligence during the time the statute of limitations was running.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge